UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FURMINATOR, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:10CV01941 AGF ) |
| RAGAIE WAHBA, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of Shaun Koch and Ragaie Wahba (Docs. #20, 22) to dismiss Plaintiff Furminator, Inc.'s amended complaint as to them on the ground that the Court lacks personal jurisdiction over them. For the reasons set forth below, these motions shall be denied.

## BACKGROUND

This case arises from Defendants' alleged unlawful sale of counterfeit products using FURminator trademarks and logos, over the Internet. FURminator asserts claims for federal trademark counterfeiting and infringement, unfair competition, and false designation of origin, under the Lanham Act (Counts I and II), common law trademark infringement and unfair competition (Count III), and unfair competition under Missouri statutory law (Count IV). FURminator seeks injunctive relief to prevent the further sale and/or distribution of the counterfeit and infringing goods, an accounting of profits, treble damages and/or statutory damages, and costs and attorneys' fees.

FURminator is an Indiana corporation with its principal place of business in St. Louis, Missouri, that designs, manufactures, markets, and sells pet grooming products. Defendants Ragaie Wahba and Shaun Koch, are residents of New Jersey and North Carolina, respectively. FURminator asserts in its complaint that this Court has personal jurisdiction over Wahba and Koch because they sell and offer for sale the counterfeit/infringing products in question in Missouri by selling them on eBay.com (Wahba) and Amazon.com (Koch). FURminator further alleges that it has continuously used the FURminator trademark since at least 2002, that it purchased a counterfeit FURminator product from each of these Defendants on the above Internet websites, and that Defendants' unauthorized use of the FURminator trademark in connection therewith was knowing and wilful.

Wahba and Koch now argue separately that their activities over the Internet are insufficient to subject them to the jurisdiction of this Court. Each attests by affidavit, essentially that he owns no property in Missouri, was never a resident of Missouri, is not registered to do business in Missouri, never advertised in Missouri newspapers, and has no agents, employees, bank accounts, or phone listings in Missouri. Wahba attests additionally that he began selling an allegedly counterfeit FURminator product on eBay.com in May or June 2010; that he received an email from FURminator on July 2, 2010, that the product may be counterfeit, but his immediate request for additional information was not answered; and that in September 2010, eBay.com removed an auction he posted for the product, and he thereafter stopped selling it.

In its response to Koch's motions to dismiss, FURminator identifies another interactive website, NoMoreFleasPlease.com, which FURminator asserts is owned and operated by Koch, and through which, FURminator asserts, Koch sold counterfeit FURminator products. Koch acknowledges in his reply that for purposes of his motion to dismiss, FURminator "proved that he used online websites like Ebay and Amazon to generally sell products including FURminator products to Missouri residents." He asserts, however, that FURminator has not proven that he sold any counterfeit/infringing products through NoMoreFleasPlease.com.

## **DISCUSSION**

To defeat a motion to dismiss for lack of personal jurisdiction, "the nonmoving party needs only make a prima facie showing of jurisdiction." *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008) (citing *Dakota Indus., Inc. v. Dakota Sportswear Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). If personal jurisdiction is challenged, the plaintiff has the burden of proving facts supporting such jurisdiction. *Viasystems v. EBM-Papst St. Georgen GmbH & Co. KG*, 646 F.3d 589, ___ (8th Cir. 2011). "The plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Miller*, 528 F.3d at 1090. Where, as here, "the district court does not hold a hearing and instead relies on pleadings and affidavits, . . . the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party." *Pangaea, Inc. v. Flying Burrito, LLC*, ___F.3d ___, 2011 WL 3241859, at *1 (8th Cir. Aug. 1, 2011) (quoting another source).

In a diversity action, a federal court may assume jurisdiction over a nonresident defendant only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause. In *Viasystems*, the Eighth Circuit suggests that these two questions should be analyzed separately. *Viasystems*, 646 F.3d at ___ n.2. Missouri's long-arm statute authorizes personal jurisdiction over defendants who, inter alia, commit a tort within the state. Mo. Rev. Stat. § 506.500.1. "These individual categories are construed broadly, such that if a defendant commits one of the acts specified in the long-arm statute, the statute will be interpreted 'to provide for jurisdiction, within the specific categories enumerated in the statute, to the full extent permitted by the Due Process Clause.'" *Id.* (quoting *State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo. banc 1984)). Missouri's long-arm statute covers extraterritorial tortious acts that yield consequences in Missouri. *Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 232 (Mo. 2010). Thus, the Court concludes that Defendants' alleged acts fall within conduct specified in Missouri's long-arm statute, *see Maritz v. Cybergold, Inc.*, 947 F. Supp. 1328, 1331 (E.D. Mo. 1996), and turns to consider whether asserting personal jurisdiction over Defendants comports with due process.

For the assertion of personal jurisdiction over a nonresident defendant, due process requires sufficient contacts between the nonresident defendant and the forum state "'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *J. McIntyre Mach. Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "As a general rule, the sovereign's exercise of power requires some act by which the defendant 'purposefully avails itself of

the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

There are two types of personal jurisdiction – general and specific. General jurisdiction arises when a defendant's contacts with the forum state are so "continuous and systematic" that the defendant may be subject to suit there even for causes of action distinct from the in-state activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n.9 (1984). By contrast, a court may exercise specific jurisdiction over a nonresident defendant when the defendant has purposely directed its activities at the forum state, and the litigation results from injuries arising out of, or relating to, those activities. *Id.* & n.8; *Johnson v. Arden*, 614 F.3d 785, 795 (8th Cir. 2010); *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008).

The Eighth Circuit has established a five-factor test to determine whether a defendant's contacts with the forum are sufficient to satisfy due process, affording the first three factors primary importance: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties, with the third factor applying only in the specific jurisdiction context. *Steinbuch,* 518 F.3d at 586.

When the cause of action involves a tortious act, as in the present case, a plaintiff also "can obtain specific jurisdiction over a nonresident defendant by employing the *Calder* effects test"; this test provides that a defendant's tortious acts can serve as a source of personal jurisdiction "where the plaintiff makes a prima facie showing that the

5

defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered -- and which the defendant knew was likely to be suffered -- in the forum state." *Johnson*, 614 F.3d at 796 (citing *Calder v. Jones*, 465 U.S. 783 (1984)); *see also J. McIntyre Machinery, Ltd.*, 131 S. Ct. at 2787 ("[I]n some cases, as with an intentional tort, the defendant might well fall within the State's authority by reason of his attempt to obstruct its laws.").

In applying the effects test, the economic injury in trademark infringement cases occurs in the state where the trademark owner has its principal place of business. *Dakota Indus., Inc.,* 46 F.2d at 1389-89. The *Calder* effects test does not replace the traditional five-factor test; rather, it "requires the consideration of additional factors when an intentional tort is alleged." *Id.* at 1391. The Eighth Circuit "construe[s] the *Calder* effects test narrowly, and hold[s] that, absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction." *Johnson*, 614 F.3d at 794. A court "must look at all of the factors in the aggregate and examine the totality of the circumstances in making a personal-jurisdiction determination." *Id.*

Here, the Court first concludes that Wahba's and Koch's Internet activities do not support this Court's assertion of general personal jurisdiction over them, because their contacts with Missouri over the Internet cannot be said to have been "systematic and continuous." *See Johnson*, 614 F.3d at 795. However, application of the five relevant factors set forth above, in combination with the "effects test," leads the Court to conclude that due process does not preclude this Court from exercising specific personal jurisdiction over Wahba and Koch in this case. FURminator has made a prima facie

6

showing that Wahba and Koch knew that the products in question that they sold on eBay.com or Amazon.com were available to Missouri residents, were in fact sold to at least one Missouri resident (Plaintiff), and more-importantly, were counterfeit, infringing on a Missouri company's trademark. *See 3M Co. v. Mohan*, No. 09-1413 (ADM/FLN), 2010 WL 786519, at *1-3 (D. Minn. March 5, 2010) (holding that the court had specific personal jurisdiction over a nonresident defendant that used eBay.com and Amazon.com to sell products which allegedly infringed trademarks and patent held by the resident plaintiff); *Bose Corp. v. Neher*, No. 09-11479-PBS, 2010 WL 3814886, at *5-6 (D. Mass. July 30, 2010) (finding that the court had specific personal jurisdiction in an infringement case over defendants who allegedly violated a forum company's trademark by posting infringing products on eBay.com, even absent proof of specific sales to forum residents); *Zen Design Group, Ltd. v. Clint*, No. 08-cv-14309, 2009 WL 4050247, *3 (E.D. Mich. Nov. 23, 2009) (ruling that accused patent infringer's offering product for sale on an eBay internet auction to residents of the forum created personal jurisdiction for infringement claim); *see also Dakota*, 946 F.2d at 1391 (finding that specific personal jurisdiction existed where the plaintiff presented some evidence that the defendants knew their allegedly trademark-infringing products were being directly shipped to forum state where the plaintiff had its principal place of business, and there was also evidence that the defendants had previously communicated with the plaintiff about allegedly infringing conduct); *Anheuser-Busch, Inc. v. City Merch.*, 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (holding that Missouri trademark holder made prima facie showing that alleged infringer had sufficient contacts with Missouri so that Missouri federal court could exert

personal jurisdiction over alleged infringer; although alleged infringer asserted that it conducted no business in Missouri, had not traveled to Missouri, had no purchases made from Missouri, kept no office in Missouri, held no bank account in Missouri, and had no target market in Missouri, alleged infringer sold four of the allegedly infringing products to the plaintiff's investigators in Missouri).

The situation here is different from that in a case heavily relied on by Defendants, *Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008),[1] and similar cases. In *Boschetto*, the court held that a California purchaser of a car over eBay.com could not obtain specific personal jurisdiction over the Wisconsin seller in an action for violation of California consumer protection laws, breach of contract, and fraud, all in connection with the sale. The Ninth Circuit based its decision on the fact that the case involved "a one-time contract for the sale of a good that involved the forum state only because that is where the purchaser happened to reside," and that there was no evidence that the defendant was using eBay.com "as a broader vehicle for commercial activity." *Boschetto*, 539 F.3d at 1019. In trademark infringement cases, the injured party is not the purchaser of an item who happens to reside in the forum state. Rather, the injured party is the trademark holder. But more significantly, here there is evidence that Wahba and Koch were using eBay.com and/or Amazon.com as a broad vehicle for commercial activity.

---

[1] This case is discussed in Koch's brief; Whaba, in his brief, adopts Koch's arguments.

The present case is also different from *Johnson v. Arden*, in which the Eighth Circuit affirmed the district court's conclusion that it did not have personal jurisdiction over a nonresident defendant. In *Johnson*, Missouri plaintiffs who owned a Missouri cat breeding business that owned the trademark "Cozy Kitten Cattery" sued a non-Missouri defendant under the Lanham Act for advertising her cat breeding business using the words "Cozy Kittens and Cuddly Cats" on her website. The Eighth Circuit noted as follows:

> Although [Defendant's website] may be characterized as interactive, there is no evidence in the record that [Defendant] engaged in any transactions or exchange of information with a Missouri resident [the website], or that a Missouri resident ever accessed the website. We decline to confer personal jurisdiction based on only the possibility that a Missouri resident had contact with [Defendant] through [Defendant's website]. Similarly, [Plaintiffs] have failed to prove that [Defendant's website] is uniquely or expressly aimed at Missouri; thus *Calder* provides no support for their Lanham Act claim.

*Johnson*, 614 F.3d at 797-98.

Here, as noted above, there is evidence that Wahba and Koch were using eBay.com and/or Amazon.com as a broad vehicle for commercial activity. These two websites are highly interactive, and there is evidence of at least one sale per Defendant to a purchaser in Missouri, namely, Plaintiff. In fact, as noted above, Koch has admitted he used these websites "to generally sell products including FURminator products to Missouri residents."

Nor is this case like a products liability "stream-of-commerce" case where the nonresident defendant's product fortuitously ends up in the forum state where it injures the plaintiff. *Cf. J. McIntyre Mach. Ltd.*, 131 S. Ct. at 2790-91, 2793 (plurality and

9

concurrence rejecting rule that a producer is subject to jurisdiction for a products-liability action so long as it "knows or reasonably should know that its products are distributed through a nationwide distribution system that *might* lead to those products being sold in any of the fifty states"). Here, the injury could have been sustained in only one state, namely, Missouri.

In a recent decision in another trademark infringement case in this Court, the nonresident defendant's motion to dismiss for lack of personal jurisdiction was granted because there was no evidence that the Missouri plaintiff was the owner or had any cognizable interest in the trademark, and thus no evidence that the alleged infringement would be felt in Missouri; rather the owner of the trademark was the nonresident plaintiff (the wholly-owned subsidiary of the Missouri plaintiff). *Express Scripts, Inc. v. Care Continuum Alliance, Inc.*, No. 410CV2235 CDP, 2011 WL 2199967, at *3 (E.D. Mo. June 11, 2011). Here, to the contrary, it is undisputed that the Missouri plaintiff is the owner of the trademark.

The case for asserting specific personal jurisdiction over Wahba is made stronger by virtue of FURminator's evidence that he sold counterfeit products, available to Missouri residents, on a website he operated/owned. When considering the sufficiency of Internet contacts under a specific jurisdiction analysis, the Eighth Circuit has found the test set out in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) "instructive." *Johnson*, 614 F.3d at 796. *Zippo* articulated a "sliding scale" to measure a website's contacts with a forum state, explaining that

> "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. . . . At one end of the spectrum are situations where a defendant clearly does business over the Internet. . . . At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. . . . The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

952 F. Supp. at 1124.

Here, FURminator's evidence with regard to NoMoreFleasPlease.com is a factor adding to Furminator's prima facie case of specific personal jurisdiction over Koch. *See, e.g.*, *Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1078-81 (C.D. Cal. 1999) (holding that a Connecticut defendant's internet website constituted sufficient minimum contacts with California to warrant exercise of personal jurisdiction there, in suit challenging validity of patent; substantial portion of website was dedicated to allowing customers to purchase defendant's products on-line, including products which incorporated technology of the patent at issue).

In sum, based on the record before it, the Court concludes that Plaintiff has met its burden of making a prima facie showing that both Koch and Wahba are subject to the specific personal jurisdiction of the Court.[2]

---

[2] The Court rejects Koch's argument that FURminator, Inc., is not the real party in interest.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motions of Shaun Koch and Ragaie Wahba to dismiss Plaintiff Furminator, Inc.'s amended complaint as to them on the ground that the Court lacks personal jurisdiction over them are **DENIED**. [Docs. #20, 22]

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2011.